# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA, | CV F  98 5265 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 242-1) |
| TULARE COUNTY SHERIFF'S DEPT., et. al., | |
| Defendants. | |

On August 25, 2003, this Court entered Judgment and terminated the instant action. Plaintiff filed a Motion to Vacate Judgment on September 11, 2003, which was denied by the District Court on April 15, 2005.

On June 13, 2005, Plaintiff filed a pleading "Motion to Amend the Findings and Renewal of Request for Enlargement of Time under Rule 6." However, as the action is closed, there was no outstanding order requiring action on behalf of the Plaintiff and the request for an extension of time was denied. The Magistrate Judge construed Plaintiff's request that the Court "Amend the Findings" as a Request for Reconsideration and referred the matter to the District Court for

1

resolution. Before the Court is Plaintiff's construed Request for Reconsideration.

The Court has the discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In his request, Plaintiff states that the Magistrate Judge misunderstood him when he asked for an extension of time in the most recent pleading construed as a Motion for Reconsideration. Plaintiff states that he was requesting an enlargement of time because when the District Court issued its Order denying the Motion to Vacate Judgment, the institution was on lockdown and more time was needed to file a "motion to amend findings." While this may have been true, the Order Denying the Motion to Vacate Judgment did not afford Plaintiff *any* time to file a response whatsoever. Thus, as Plaintiff was not granted the option of filing any response to the Court's denial of the Motion to Vacate, the Magistrate Judge appropriately denied the request for an enlargement of time.

Plaintiff's Request to Amend Pleadings was unclear and at best, could be construed as a Motion for Reconsideration as Plaintiff appeared to be requesting that the Court "amend its findings." The "findings" were thought to be the District Court's Order denying the Motion to Vacate Judgment. Thus, the Magistrate Judge appropriately construed the Motion to be for Reconsideration of the Order Denying the Motion to Vacate Judgment.

1  Turning to Plaintiff's request for reconsideration. Plaintiff states that in the instant case,
2  "doc. 219 is very extensive, the court failed to take judicial notice of many elements of the
3  Motion. . ." Document 219, however, is the Court's Judgment which is issued by the Clerk of
4  Court in every case terminated by the Court and contains no analysis of the merits of a case. The
5  explanation of the termination of the case can be found in the Magistrate Judge's Findings and
6  Recommendations issued on January 22, 2003 (Doc. 202) and adopted by this Court on August
7  22, 2003, in Document 218. To the extent Plaintiff is seeking reconsideration of the District
8  Court's Order adopting and entering Judgment, his request was denied by this Court's Order
9  Denying the Motion to Vacate Judgment issued on April 15, 2005. (Doc. 238.)

10  To the extent that Plaintiff is seeking reconsideration of the Order denying the Motion to
11  Vacate Judgment, his request must also be denied.

12  As noted in the Order denying the Motion to Vacate Judgment, Rule Federal Rule of
13  Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule
14  permits a district court to relieve a party from a final order or judgment on grounds of: "(1)
15  mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6)
16  any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).
17  The motion for reconsideration must be made within a reasonable time, in any event "not more
18  than one year after the judgment, order, or proceeding was entered or taken." Id.

19  Plaintiff again presents no evidence of mistake, fraud or any justifiable reason to reopen
20  the case under Rule 60(b). Plaintiff states that he wishes relief from the Order because he has not
21  yet had the opportunity to file all of his "legal elements" or "addition[al] theories" and thus, more
22  time is needed. It appears that Plaintiff does not understand that on August 23, 2003, the case
23  was terminated. This means that the action is closed, no further Court action will ensue because
24  the case is no longer in existence. That Plaintiff now wishes to elaborate on his claims or present
25  new claims is not justification to reopen the case. This case was initiated in 1998 and Plaintiff
26  was afforded almost five years to resolve his claims. The Court notes that the action was
27  terminated as a sanction under Rule 37 for Plaintiff's failure to comply and cooperate with
28

discovery procedures.[1] That Plaintiff wishes to advance new theories or expound on old theories not only is unrelated to the reasons for dismissal, it is insufficient grounds to reopen the case under Rule 60(b).

The Court HEREBY ORDERS:

1. The Motion for Reconsideration is DENIED.

As this action was closed on August 23, 2003, and the Court has already entertained one Motion to Vacate Judgment and Request for Reconsideration, **no further Motions for reconsideration, modification of the Court's Judgment or other filings will be entertained in this closed action.**

Dated: July 13, 2005            /s/ OLIVER W. WANGER
                                Oliver W. Wanger
                                United States District Judge

---

[1] Plaintiff refused to be deposed and when he appeared for deposition, refused to speak English despite being warned of his duty to cooperate with discovery procedures and possibility of the sanction of dismissal. see, Doc. 202, Findings and Recommendations to dismiss case as sanction under Rule 37.

4